**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DONALD G. STANCILL; PEGGY T.
STANCILL; KENNETH STANCILL;
BARBARA STANCILL; EDWARD DEAN
GRANT; WALLACE E. JONES; EDNA P.
JONES; ROY E. HUGHES; BRENDA B.
HUGHES; MARGIE L. GRANT; MARIAN
KITTLE; WILLIAM E. CLARK; WILLIAM
CORBETT, and wife; MARY CORBETT;

No. 95-2560

JAMES S. CORBETT; ROXANNE
CORBETT,
Plaintiffs-Appellants,

v.

E. I. DU PONT DE NEMOURS AND
COMPANY, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-91-59; CA-91-57; CA-91-56; CA-91-55; CA-91-136;
CA-91-62; CA-91-138; CA-91-61; CA-91-60; CA-91-137)

Argued: April 4, 1996

Decided: May 21, 1996

Before MURNAGHAN and LUTTIG, Circuit Judges, and LAY,
Senior Circuit Judge of the United States Court of Appeals for the
Eighth Circuit, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Anthony Zell Roisman, COHEN, MILSTEIN, HAUS-FELD & TOLL, Washington, D.C., for Appellants. Raymond Michael Ripple, Senior Counsel, E. I. DU PONT DE NEMOURS & COMPANY, Wilmington, Delaware, for Appellee. **ON BRIEF:** Richard Z. Lewis, COHEN, MILSTEIN, HAUSFELD & TOLL, Washington, D.C., for Appellants. Marvin K. Blount, Jr., Greenville, North Carolina; James F. Hopf, Greenville, North Carolina; Marvin Schiller, Raleigh, North Carolina, for Appellants. Jonathan D. Sasser, MOORE & VAN ALLEN, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Appellants and a number of other plaintiffs below not parties to this appeal are property owners in the vicinity of a DuPont parts washing facility. They brought this consolidated suit seeking compensatory and punitive damages on state law theories of trespass, nuisance, negligence, and strict liability,* claiming that DuPont's release, over a period of 20 years, of wash water and gases allegedly containing hazardous substances caused a diminution in their property values, loss of use and enjoyment of that property, damage to their quality of life, increased probability of disease in the future, probable future contamination of the groundwater, and emotional distress.

The district court ordered all plaintiffs to have an expert analyze their property for contaminants. Appellants are those plaintiffs whose properties were found to contain no contaminants. The district court granted summary judgment for DuPont against these particular plain-

---

*Appellants have abandoned their strict liability claims on appeal.

2

tiffs because, without physical damage to their own properties as opposed to mere diminution of property value or emotional distress, none of the causes of action -- trespass, nuisance per accidens, or negligence -- can be sustained under North Carolina law.

We have read the briefs, heard oral argument, and given thorough consideration to the parties' contentions. Finding no error in the opinion of the court below, Grant v. E. I. DuPont De Nemours & Co., Inc., No. 4:91-CV-55-H (E.D. N.C., July 13, 1995), we affirm on the reasoning of the district court.

AFFIRMED.